Enkelejda **MYFTARAJ** and Celiku Blend, Petitioners,

v.

**BOARD OF IMMIGRATION APPEALS,** Respondent.

Nos. 04–1987–ag(L), 04–1990–ag(Con).

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

Gary J. Yerman, New York, New York, for Petitioners.

Richard B. Roper, United States Attorney for the Northern District of Texas,

Ann C. Roberts, Assistant United States Attorney, Lubbock Texas, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Enkelejda Myftaraj and Celiku Blend petition for review of the April 2, 2004 orders of the BIA affirming a decision of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and CAT relief, and ordering them removed to Albania. We assume the parties' familiarity with the facts of the cases and their procedural history.

Where the BIA summarily affirms the decision of an IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

█ The IJ found petitioner Myftaraj credible but determined that her alleged persecution was not on the basis of political opinion because it began as a result of her refusal to perform illegal acts requested by her city employment supervisors. This Court considers Myftaraj's and Blend's petitions in light of *Yueqing Zhang v. Gonzales*, 426 F.3d 540 (2d Cir.2005), in which this Court held that "opposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Id.* at 547–48. Here, as in *Zhang*, Myftaraj testified to engaging in activities with the Democratic Party after she was terminated from employment in which she publicized and criticized in local newspapers the Socialist Party corruption with respect to city contracts. She was then allegedly threatened and beaten by her persecutors for her activities with the Democratic Party. As in *Zhang*, the IJ here did not engage in the "complex and contextual factual inquiry" necessary to determine if petitioner's persecutors were motivated by her opposition to the government itself. *Id.* at 548.

█ We remand these petitions to the BIA for its determination of whether Myftaraj was persecuted "on account of" her political opinion in light of this Court's decision in *Zhang*. The BIA must also determine whether Myftaraj and Blend can meet the standard of proof for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because Myftaraj and Blend failed to raise their CAT claim before the BIA or this Court, this claim is waived. *Yueqing Zhang*, 426 F.3d at 542 n. 1, 546 n. 7.

For the reasons discussed, the petitions for review are granted in part and denied in part, the BIA's decisions are vacated in part, and the cases remanded to the BIA.